In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00067-CR**
_____

**SANTO LACHARLES STEPHENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-10-11974-CR**

**MEMORANDUM OPINION**

Appellant Santo LaCharles Stephens appeals his conviction for aggravated robbery. In a single issue, Stephens complains that the trial court abused its discretion by admitting inadmissible hearsay testimony in violation of the Confrontation Clause and the Texas Rules of Evidence. We affirm the trial court's judgment.

1

BACKGROUND

A grand jury indicted Stephens for aggravated robbery. The indictment alleged that while in the course of committing theft of property, Stephens intentionally or knowingly threatened or placed J.T. in fear of imminent bodily injury or death, and Stephens used or exhibited a deadly weapon, either a firearm or a hammer. Stephens pleaded not guilty, and the case proceeded to trial. During the trial, J.T. testified that in October 2016, four men robbed his jewelry store, and J.T. explained that one man had a gun and demanded money, and another man had a hammer that he used to hit the glass showcases. J.T. testified that three of the men ran out of the store and his son shot the man who had a gun. J.T. explained that during the investigation, the police obtained surveillance video from his store's security system which captured the robbery. The police identified the robber who was shot and killed at the scene as J.J., and after speaking with J.J.'s family members, police were able to identify the other suspects involved in the robbery, including Stephens.

J.J.'s sister, C.P., testified at trial. C.P. testified that the police showed her the video and a still photograph from the robbery, and C.P. identified Stephens as the robber who was carrying the hammer. C.P. testified that J.J.'s friend, K.A., called her the day J.J. was shot, and C.P. explained that K.A. was crying and upset. When

2

the prosecutor asked C.P. if K.A. had given her information about Stephens, the prosecutor approached the bench and explained to the trial court that the State was offering K.A.'s statement as an excited utterance because K.A. was crying and upset and still under the emotion of finding out that J.J. had been shot and killed. Defense counsel objected to the admission of K.A.'s statement and argued that it was hearsay, unfairly prejudicial, and violated his right to confront K.A. When the trial court inquired as to the time frame of when K.A. received the information and relayed it to C.P., the prosecutor explained that while he did not know the exact time frame, C.P. would testify that she thought that Stephens was leaving the apartment when K.A. called her and that K.A. was still reacting to the news. The prosecutor indicated that he had a good-faith belief that he could establish the predicate as to the excited utterance, and the trial court overruled defense counsel's objections.

C.P. testified that thirty minutes after her mother had called and told her that J.J. had been shot, K.A. called and was crying. C.P. testified that when K.A. called her, Stephens had told K.A. that J.J. had been shot and that Stephens and the others had left J.J. J.J.'s mother also testified at trial and identified Stephens as the robber with the hammer. C.B, one of the other men charged with robbing the jewelry store, testified for the State, and C.B. explained Stephens's role in the robbery. C.B. testified that after the robbery, they went to J.J.'s apartment where they saw K.A.,

3

and Stephens told K.A. about the robbery. C.B. explained that he turned himself in and had cooperated with the police.

A jury found Stephens guilty of aggravated robbery and assessed punishment at forty years of confinement. Stephens appealed.

ANALYSIS

In his sole issue, Stephens complains that the trial court erred by overruling his hearsay and Confrontation Clause objections and admitting K.A.'s inadmissible hearsay statement. According to Stephens, the trial court erred by admitting the hearsay statement under the excited utterance exception because the record does not show that K.A.'s reaction in calling C.P. occurred quickly enough to avoid fabrication. Stephens also argues that K.A.'s statement lacks trustworthiness. According to Stephens, the trial court lacked the necessary information to consider the elements for the excited utterance exception and failed to consider his Confrontation Clause objection.

We review a trial court's decision to admit evidence under an abuse of discretion standard and will not reverse that decision absent a clear abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). A declarant's out-of-court statement offered in evidence to prove the truth of the matter asserted is generally

4

inadmissible under the hearsay rule. Tex. R. Evid. 801(d); Tex. R. Evid. 802. Exceptions to the hearsay rule include an excited utterance. Tex. R. Evid. 803(2). An excited utterance is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Tex. R. Evid. 803(2). The excited utterance exception is based on the assumption that, at the time of the statement, the declarant is not capable of the kind of reflection that would enable him to fabricate information. *Apolinar*, 155 S.W.3d at 186. Whether a statement qualifies as an excited utterance depends on whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event or condition when the statement was made. *Id.* at 186-87. Factors influencing the trial court's determination include the length of time between the occurrence and the statement, the nature of the declarant, whether the statement is made in response to a question, and whether the statement is self-serving. *Id.* at 187. The critical determination is whether the statement was made under circumstances that reasonably show that it resulted from impulse rather than reason and reflection. *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003).

The record shows that K.A. made the complained-of statement shortly after Stephens told K.A. that J.J. was shot during the robbery and that K.A. was still upset and crying when he called C.P. The record does not indicate that K.A.'s statement

5

was made in response to a question, but rather on his own initiative. Nor do we construe K.A.'s statement as self-serving. K.A. made the statement to his friend's sister, not to law enforcement. The trial court could reasonably conclude that K.A. was still dominated by his emotions, excitement, fear, or pain at the time he made the complained-of statement. *See Apolinar*, 155 S.W.3d at 186-87; *Zuliani*, 97 S.W.3d at 596. The trial court did not abuse its discretion by admitting C.P.'s testimony about K.A.'s statement pursuant to the excited utterance exception to the hearsay rule. *See Martinez*, 327 S.W.3d at 736; *Apolinar*, 155 S.W.3d at 186-87.

Stephens also argues that K.A.'s statement was inadmissible under the Confrontation Clause and that the trial court failed to consider his Confrontation Clause objection. *See* U.S. Const. amend VI. The Confrontation Clause of the Sixth Amendment to the United States Constitution prohibits the admission of testimonial statements of a witness who does not appear at trial unless the witness is unavailable to testify, and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Whether a statement is testimonial or non-testimonial is a legal question that we review *de novo*. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006). The United States Supreme Court has identified three kinds of out-of-court statements that could be regarded as testimonial:

6

(1)     "ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially";

(2)     "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions"; and

(3)     "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."

*Id.* at 735 (quoting *Crawford*, 541 U.S. at 51-52).

In *Crawford*, the Supreme Court held that the Confrontation Clause prohibits the admission of testimonial hearsay, stating that, at a minimum, the term "testimonial" applies to police interrogations and prior testimony at a preliminary hearing, before a grand jury, or at a former trial. *Crawford*, 541 U.S. at 68; *see Woods v. State*, 152 S.W.3d 105, 113 (Tex. Crim. App. 2004). The determination of whether an out-of-court statement, such as an excited utterance, is "testimonial" under *Crawford* depends upon the perceptions of an objectively reasonable declarant and whether a reasonable declarant, similarly situated and excited by the stress of a startling event, would have had the capacity to appreciate the legal ramifications of his statement. *Wall*, 184 S.W.3d at 743 & n.48 (citing *United States v. Brito*, 427 F.3d 53, 61 (1st Cir. 2005)).

K.A.'s statement to C.P. does not fall within the categories of testimonial evidence described in *Crawford*. *See Crawford*, 541 U.S. at 51-52, 68; *Woods*, 152 S.W.3d at 113. Rather, K.A. spontaneously made the remark to his friend's sister while informing her that her brother had been shot and killed. *See Crawford*, 541 U.S. at 51 (stating that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not"); *Woods*, 152 S.W.3d at 114 & n.34. K.A. voluntarily made the statement to his friend's sister, and it was not made in the context of a police investigation or interrogation or under circumstances that would have led an objective witness to believe that the statement would be available for use at a later trial. *See Guevara v. State*, 297 S.W.3d 350, 365 (Tex. App.—San Antonio 2009, pet. ref'd). Accordingly, we hold that K.A.'s statement was non-testimonial, and the trial court did not violate Stephens's Sixth Amendment rights by admitting C.P.'s testimony about K.A.'s statement. *See Crawford*, 541 U.S. at 68; *Guevara*, 297 S.W.3d at 365; *Woods*, 152 S.W.3d at 114. We overrule Stephens's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____

STEVE McKEITHEN
Chief Justice

8

Submitted on May 30, 2019
Opinion Delivered June 26, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.